[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPORTIONMENT DEFENDANT'S MOTION TO STRIKE (#112)
This matter originated as a wrongful death action brought by the co-executors of the estates of Thomas W. Carrigan and Judith A. Carrigan, late of Sturbridge, MA. The plaintiffs claim that their decedents' deaths on January 16, 1998 were caused by the acts or omissions of the defendant Jackson, Inc., which operated the Avon Old Farms Hotel on Route 44 in Avon, CT, where the Carrigans were registered guests. The plaintiffs further claim that these deaths were caused by the acts or omissions of the defendant Avon Old Farms Inn, Inc., which operated a full-service dining establishment across the street from the Avon Old Farms Hotel, near the intersection of Routes 10 and 44 in Avon, CT. The plaintiffs allege that on the date mentioned above, as the Carrigans attempted to cross the highway from the Avon Old Farms Hotel to dine at the Avon Old Farms Inn, they were struck by a motor vehicle operated by George Zimmerly, and sustained their fatal injuries.
The plaintiff's complaint, dated January 10, 2000, was returned to court on January 21, 2000. Under date of March 1, 2000, the defendant/apportionment plaintiff Jackson, Inc. brought an apportionment CT Page 13325 complaint against Zimmerly, naming him as the apportionment defendant. Under date of June 8, 2000, the apportionment defendant Zimmerly moved to strike this apportionment complaint (#112). Through this motion, Zimmerly notes that he has already settled with the plaintiffs in the underlying action, that he has been released from further liability as the result of the fatal accident at issue, that he was never made a party to any lawsuit, and that the wrongful death claims were settled prior to the institution of suit on behalf of the Carrigans' estates. The apportionment defendant properly noted that pursuant to General Statutes § 52-102b (c), the avenue for any defendant against Zimmerly is through a duly filed notice of apportionment, rather than by service of a formal apportionment summons and complaint. Indeed, under date of August 15, 2000, immediately following presentation of this motion to strike at a session of the short calendar, Jackson, Inc. filed a Notice of Apportionment of Settled Party, effectively asserting that "the negligence of George Zimmerly . . . was a proximate cause of [the plaintiffs'] injuries and damages and that Mr. Zimmerly's liability should be apportioned. The plaintiff has previously settled with Mr. Zimmerly." This notice fully sets forth Jackson, Inc.'s theories of liability against Zimmerly, using language that is ostensibly identical to that used in the apportionment complaint.
Accordingly, as the present apportionment complaint improperly exceeds the implications of § 52-102b(c), Zimmerly's motion to strike (#112) is granted. The rights of Jackson, Inc., are properly preserved through its notice of apportionment of settled property.
WHEREFORE, the Motion to Strike dated June 8, 2000, submitted by the apportionment defendant Zimmerly is hereby GRANTED.
BY THE COURT,
N. Rubinow, J.